IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN KNOPE,

                Plaintiff,                    ORDER

    v.

                                      Case No. 16-cv-379-wmc

UNITED STATES OF AMERICA,

                Defendant.

---

KEVIN KNOPE,

                Plaintiff,                    ORDER

    v.

                                      Case No. 16-cv-381-wmc

POLICE OFFICER JOHN DOE AND
JENNA CELESKI,

                Defendants.

---

*Pro se* plaintiff Kevin Knope recently filed five lawsuits in this court:

- *Knope v. United States*, Case No. 3:16-cv-379-wmc, dismissed on May 15, 2017, as frivolous.

- *Knope v. FMR, LLC*, Case No. 3:16-cv-381-wmc, dismissed on May 16, 2017, for lack of subject matter jurisdiction.

- *Knope v. State of Wisconsin*, Case No. 3:16-cv-381-wmc, dismissed without prejudice on June 30, 2017, subject to reopening if Knope were to file an amended complaint naming suable defendants by July 21, 2017. Otherwise, dismissal would be with prejudice.

- *Knope v. Kenny*, Case No. 3:17-cv-382-wmc, dismissed on June 13, 2017, for failure to pay the filing fee.

- *Knope v. Walker*, Case No. 3:17-cv-548-wmc, which was administratively closed for the reasons explained below.

Following dismissal of Case No. 16-cv-379-wmc, Knope filed multiple motions seeking to reopen it and requesting an emergency hearing. On July 18, 2017, the court held a hearing

to address that motion, as well as clarify the status of Mr. Knope's other lawsuits, including the likelihood that a recently filed complaint was incorrectly opened in a new lawsuit as Case No. 17-cv-548-wmc, rather than filed as an *amended* complaint in Case No. 16-cv-681-wmc. The purpose of this short order is to memorialize and clarify the court's rulings during that hearings, which: (1) granted Knope leave to proceed on one of his two claims in Case No. 16-cv-381-wmc; (2) denied his pending motions in Case No. 16-cv-379-wmc; (3) confirmed that Case No. 17-cv-548-wmc was properly closed; and (4) confirmed that Knope was not challenging the dismissal of Case Nos. 16-cv-380-wmc or 17-cv-382-wmc.

As an initial matter, the court explained during the hearing that while Knope had an obligation to serve his amended complaint on each of the defendants, **he should not attempt to serve his complaint and amended complaint on any defendant personally**. What the court should have further explained is that Knope is relieved of serving his complaint entirely because he has been allowed to proceed *in forma pauperis*. **Instead, this order will direct the U.S. Marshal Service to effectuate service on the two newly-named defendants on his behalf.**

As noted, the court also accepted Knope's amended complaint in Case No. 16-cv-381-wmc, which meets his July 21st filing deadline. When he filed this complaint on July 14, 2017, it was incorrectly opened as a new matter -- Case No. 3:17-cv-548-wmc. Knope confirmed during the hearing that his July 14 filing was, in fact, the amended complaint he sought to satisfy this court's deadline in Case No. 16-cv-681-wmc. Moreover, the court held that Knope's amended allegations -- specifically naming as defendants Police Officer John Doe, Badge No. 7646, and Jenna Celeski as individual state actors -- were sufficient to allow him to proceed on his claim under the Fourth and Fourteenth Amendments related to his

April 2016 involuntary civil commitment, but not on his other claim related to the treatment he received while he was committed.[1]

As for Celeski, even though it appears that Journey Mental Health Center is a private entity, it is reasonable to infer that she acted under "color of law" as required for § 1983 liability. Indeed, when Celeski signed the form ordering Knope's involuntary civil commitment, it appears she was acting under the authority of Wis. Stat. § 51.20, which sets out the circumstances permitting involuntary commitment. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) (private person acts under color of law when action was caused by the exercise of a right created by the state by someone fairly said to be a state actor). Likewise, Knope claims that Officer Doe carried out Celeski's allegedly improper order when he arrested him. Accordingly, the court will direct the Marshal to effect service of the complaint, amended complaint, this order and the court's original order in this case on these two individuals.

Even so, Knope may not proceed on his other Fourteenth Amendment claim against these named defendants. While Knope also claimed that he was subjected to a forced injection and unnecessary physical force *after* he was brought to the Winnebago Mental Health Institute, he was similarly required to amend his complaint to name a suable defendant as to that claim as well. However, his amended complaint neither addresses his allegations regarding his experiences after confinement at Winnebago Mental Health Institute, nor identifies an individual defendant personally involved in violating his rights during his confinement. Based on his current allegations, therefore, Knope may not proceed

---

[1] Knope also named as a new defendant the current Wisconsin Governor, Scott Walker, but as explained during the hearing, Knope will not be allowed to proceed against him for failure to allege any facts indicating he was personally involved in any of the events described in Knope's filings, and he cannot be sued in his official capacity here because Knope is not challenging the validity of a state statute or policy.

on that claim. If Knope can identify a suable defendant personally involved in specific actions after his confinement, he may seek leave to amend his complaint for a second time, *but* the court is increasingly likely to deny it the longer he waits. Accordingly, Case No. 17-cv-548-wmc has been closed; the amended complaint has been properly docketed in Case No. 3:16-cv-381-wmc; and the U.S. Marshal will serve it on the individually-named defendants, along with the original complaint, the court's original order dismissing the case without prejudice and this order allowing Knope to now proceed on one of his two claims against Officer Doe and Celeski.

One remaining issue with respect to Case No. 16-cv-381-wmc. Knope filed a Motion for Subpoena (Case No. 16-cv-381-wmc, dkt. #16), in which he requests that the court issue him subpoenas directing Celeski and Doe to appear for direct examination. As named defendants, both will be obligated to appear in this matter pursuant to the Federal Rules of Civil Procedure, a subpoena is unnecessary. Accordingly, this motion will be denied.

Finally, during the hearing, the court explained that the claims Knope outlined in his complaint in Case No. 16-cv-379-wmc were frivolous, having been repeatedly rejected by the United States Supreme Court. The court further explained that Knope's subsequent motions did not change this conclusion, and thus each motion was denied on the record. The court informed Knope that should he wish to pursue this lawsuit further, he has the right to appeal this court's decision to the Court of Appeals for the Seventh Circuit and, if necessary, the United States Supreme Court. As he has since filed a notice of appeal, it appears that Knope understands this right. **But he was also cautioned that repeated filings of frivolous lawsuits may well result in his being barred from filing further suits, even meritorious ones, without advance screening, unless on its face the pleadings suggest the possibility of an immediate risk of substantial harm.**

4

ORDER

IT IS ORDERED that:

(1) Plaintiff Kevin Knope is GRANTED leave to proceed in Case No. 3:16-cv-381-wmc on his Fourth and Fourteenth Amendments claim against defendants John Doe, Sun Prairie Police Officer, I.D. 7646, and Jenna Celeski for involuntary civil commitment only.

(2) Plaintiff is DENIED leave to proceed against defendant Scott Walker in Case No. 3:16-cv-381-wmc, who is dismissed with prejudice.

(3) Plaintiff's Motion for Subpoena (Case No. 3:16-cv-381-wmc, dkt. #16) is DENIED.

(4) For the time being, plaintiff must send defendants a copy of every paper or document he files with the court. Once plaintiff has learned what lawyer will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendants or to the defendants' attorney.

(5) Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

(6) The clerk's office will prepare summons and the U.S. Marshal Service shall affect service upon defendants consistent with this order.

(7) If plaintiff's contact information changes during the course of this lawsuit, it is his obligation to inform the court of his new address. If he fails to do this and defendants or the court is unable to locate him, his case may be dismissed for failure to prosecute.

Entered this 21st day of July 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge